# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| THOMAS GADDIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 1:16-cv-0075-LSC-JEO |
| | ) |
| SHERIFF JIMMY KILGORE and | ) |
| CAPTAIN RON SMITH, Jail | ) |
| Administrator, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This is an action for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Thomas Gaddis, *pro se*. He alleges that he is a pre-trial detainee being held unlawfully in the Talladega County Jail based upon charges of manufacturing methamphetamine, in violation of Ala. Code § 13A-12-217 and possession of drug paraphernalia, in violation of Ala. Code § 13A-12-260(d)(1). (Doc. 1). On January 20, 2016, the magistrate judge entered a report and recommendation pursuant to 28 U.S.C. § 636(b), recommending that the action be dismissed without prejudice based both on Petitioner's failure to exhaust available State remedies and on the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). (Doc. 14). That same day, a copy of the report and recommendation was mailed to Petitioner, which further advised him of his right to file objections to the report and recommendation within 14 days. (*Id.*). That period has expired, however, and no objections have been filed.

Having carefully reviewed and considered *de novo* all the materials in the court file,

including the magistrate judge's report and recommendation, the court is of the opinion that the magistrate judge's findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**.  Accordingly, the petition for a writ of habeas corpus is due to **DISMISSED WITHOUT PREJUDICE**.

Further, a petitioner is required to obtain a certificate of appealability in order to appeal from "the final in a habeas corpus proceeding in which the detention complained of arises out process issued by a state court." 28 U.S.C. § 2253(c)(1)(A).  That language encompasses final orders relative to habeas petitions by detainees awaiting trial in state court on criminal charges. *See Evans v. Oliver*, 2013 WL 4027766, at *4 (S.D. Ala. Aug. 7, 2013); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *cf. Medberry v. Crosby*, 351 F.3d 1049, 1063 (11th Cir. 2003); *Hiteshaw v. Butterfield*, 262 F. App'x 162, 163 (11th Cir. 2008).  It is appropriate for the court to either issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  *See* Rules 1(b), 11(a), RULES GOVERNING § 2254 HABEAS PROCEEDINGS.  The court concludes that the instant petition does not present issues that are debatable among jurists of reason, so a certificate of appealability is due to be **DENIED**.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  A separate Final Judgment will be entered.

Done this 12th day of February 2016.

L. Scott Coogler
United States District Judge
[160704]